FILED

NOT FOR PUBLICATION

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re MURRAY WINDMAN and PAULINE WINDMAN,<br><br>Debtors.<br>_____<br><br>ARTHUR G. LAWRENCE,<br><br>Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE,<br><br>Appellee. | No. 09-60055<br><br>BAP No. 08-1080-MkHPa<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit Bankruptcy Appellate Panel
Markell, Hollowell, and Pappas, Bankruptcy Judges

Argued and Submitted June 9, 2011
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **IKUTA**, Circuit Judge, and **PIERSOL**,
District Judge.[**]

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lawrence L. Piersol, Senior District Judge for the
District of South Dakota, sitting by designation.

The bankruptcy court had jurisdiction to order disgorgement of Lawrence's fees for both bankruptcy filings. See Tsafaroff v. Taylor (In re Taylor), 884 F.2d 478, 481 (9th Cir. 1989). The court didn't abuse its discretion by reducing those fees, as there was sufficient evidence that Lawrence's filings were incomplete and the associated cases dismissed. Nor did the court abuse its discretion in ordering disgorgement of any fees partially billed for services pertaining to the state court proceedings, as neither the state court representation nor the fees therefor had been authorized by the court. The bankruptcy court also reasonably found those services deficient, especially given that his license was suspended before the state court matter was resolved. Lawrence misstates the record when he claims that the bankruptcy judge gave him only five minutes to oppose disgorgement: The judge permitted long statements from him before limiting him to "five more minutes." (Emphasis added.) Finally, Pauline Windman's preferences can't moot the disgorgement order. See 11 U.S.C. §§ 329(b), 330(a).

**AFFIRMED.**